ORIGINAL



FILED

05/23/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0097

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 23-0097

NICHOLAS RODDY RAMLOW,

Plaintiff and Appellant,

v.

STEPHANIE ROSE HANSEN,

Defendant and Appellee.

FILED

MAY 2 3 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

## O R D E R

Before this Court are Appellee Stephanie Rose Hansen's motion to dismiss appeal, filed by counsel, and self-represented Appellant Nicholas Roddy Ramlow's motion to convert this appeal to an application for a writ of supervisory control. Ramlow has since filed a response in opposition to the motion to dismiss, requesting an Order to stay Hansen's instant motion pending the determination of the writ.

Hansen explains that this appeal is not properly before this Court under the Montana Rules of Appellate Procedure. Hansen states that Ramlow appeals a February 6, 2023 oral order denying his motion to extend a scheduling order and that the Flathead County District Court has not held a trial or issued a final judgment. Hansen posits that Ramlow attempts to appeal an interlocutory order. M. R. App. 4(1)(b). Hansen concludes that dismissal of this appeal is warranted given Ramlow's noncompliance with the rules and unripe issues for appeal.

"A final judgment conclusively determines the rights of the parties and settles all claims in controversy in an action or proceeding[.]" M. R. App. P. 4(1)(a). A party may only appeal from a final judgment, with very limited exceptions under this Court's rules. M. R. App. P. 6(1) and 6(3). This Court concludes that Ramlow's appeal is improper because it is premature.[1]

---

[1] This Court observes that Ramlow has another appeal pending. *Hansen v. Ramlow*, No. DA 23-0204, Notice of Appeal filed Apr. 4, 2023.

We turn to Ramlow's motion for converting this appeal to an original proceeding. Supervisory control may be appropriate on a case-by-case basis. This extraordinary remedy "is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate[.]" M. R. App. P. 14(3). Ramlow has put the cart before the horse once again. While unopposed, his motion is inappropriate, and we decline to exercise this Court's jurisdiction in this case. Ramlow retains the remedy of an appeal of a final judgment, once issued. Accordingly,

IT IS ORDERED that:

1. Hansen's Motion to Dismiss Appeal is GRANTED and that this appeal is DISMISSED without prejudice;

2. Ramlow's Motion to Convert Appeal to an Application for Writ of Supervisory Control is DENIED and DISMISSED; and

3. the Clerk of the Supreme Court is directed to CLOSE this case as of this Order's date.

The Clerk also is directed to provide this Order to appointed mediator, Richard P. DeJana; to counsel of record; and to Nicholas Roddy Ramlow personally.

DATED this 23rd day of May, 2023.

_____
Chief Justice

_____


_____
Justices

2